IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

JAN 18 2011

CLERK. US DISTRICT COURT
NORFOLK. VA

**BUILDERS MUTUAL INSURANCE COMPANY,**

　　　**Plaintiff,**

v.

**DESIGNS OF DISTINCTION, LTD.,
ERIC R. BARTOK and BRANDIN L. BARTOK,**

　　　**Defendants.**

CIVIL ACTION NO. *2:11cv 44*

## COMPLAINT FOR DECLARATORY JUDGMENT

　　Builders Mutual Insurance Company ("Builders Mutual"), by and through its attorneys,

Taylor Walker, P.C., and for its complaint for declaratory judgment against Designs of

Distinction, Ltd. ("Designs"), Eric R. Bartok and Brandin L. Bartok (the "Bartoks"), states as

follows:

### Introduction

　　1.  This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C.

§§2201 and 2202.  Builders Mutual seeks a determination of the parties' rights and obligations

under a certain insurance policy issued by Builders Mutual to Designs.  This controversy arises

out of claims made against Designs by the Bartoks which are contained in the lawsuit captioned

*Eric R. Bartok and Brandin L. Bartok v. Designs of Distinction, Ltd.,* Case No. CL08-868,

pending in the Circuit Court for the City of Chesapeake, Virginia (the "Underlying Litigation").

Builders Mutual seeks a declaration that : (a) the Builders Mutual policy does not provide

coverage for the damages claimed by the Bartoks in the Underlying Litigation; and (b) Builders

Mutual has no duty to indemnify Designs for the damages claimed in the Underlying Litigation

**Parties**

2. Builders Mutual is a corporation organized and existing under the laws of the State of North Carolina which its principal place of business located in Raleigh, North Carolina.

3. Builders Mutual is a citizen of the State of North Carolina, however, it conducts the business of selling and providing insurance to insureds in Virginia, including in the City of Chesapeake.

4. Designs is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in the City of Chesapeake, and is a licensed contractor transacting business in the Commonwealth of Virginia.

5. The Bartoks are citizens of the Commonwealth of Virginia who own real property located in the City of Chesapeake.

6. The Bartoks, as claimants against Designs, have or may have an interest in the subject matter of this litigation that may be affected by the declaratory relief sought by Builders Mutual; accordingly, the Bartoks are named as defendants in this declaratory judgment action.

**Jurisdiction and Venue**

7. This declaratory judgment action is brought pursuant to 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

8. An actual and justiciable controversy exists between Builders Mutual and Designs within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under the Builders Mutual policy, as more particularly described below.

9. This court has diversity jurisdiction pursuant to 28 U.S.C., §1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum or

value of $75,000.00, exclusive of interest and costs.

10. Venue is proper in this court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to this action occurred in this district.

### Underlying Litigation

11. The Bartoks filed the Underlying Litigation in the Circuit Court of the City of Chesapeake on or about April 11, 2008. (A copy of the complaint in the Underlying Litigation is attached hereto and incorporated herein as Exhibit 1.) The complaint in the Underlying Litigation alleges that the Bartoks entered into a construction contract with Designs to build a residential home, that Designs failed to perform its obligations as required by the contract, that Designs failed to construct the home in a good and workmanlike manner and violated applicable building codes. The complaint alleges that Designs' failure to properly construct the home is improper and/or dishonest conduct as defined by the Virginia Contractors Transaction Recovery Act, Virginia Code §§54.1-1118, *et seq.* Due to Designs alleged breaches of the contract of construction, the Bartoks claim to have been damaged in the principal amount of $241,717.65.

12. Service of process in the Underlying Litigation was made on Designs. Trial is scheduled to commence on June 2, 2011.

### The Policy

13. Builders Mutual issued a commercial package policy to Designs, policy number CPP 0016591 00, for policy period 7-1-03 to 7-1-04, which included a commercial general liability coverage form (the "Policy"). (A copy of the policy is attached hereto and incorporated as Exhibit 2.)

3

14. The commercial general liability coverage form of the policy contains the following

relevant coverage terms, conditions, definitions and exclusions:

## SECTION I - COVERAGES
## COVERAGE A.  BODILY INJURY and PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement.**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
        (2) The "bodily injury" or "property damage" occurs during the policy period.

* * * *

**2. Exclusions.**

This insurance does not apply to:

    **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

* * * *

    **j.** "Property damage" to:

* * * *

        (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
        (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

* * * *

    **l.** "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

4

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## SECTION V - DEFINITIONS

\* \* \* \*

9.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11.a   "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or
(2) Work that has not yet been complete or abandoned.

\* \* \* \*

12.   "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

15.   "Your work" means:

a. Work or operations performed by you or on your behalf; and
b. Materials, parts or equipment furnished in connection with such work or operations.

### Demand for Coverage and Reservation of Rights

15. On or about April 14, 2008, Designs tendered the Bartoks' complaint to Builders Mutual seeking coverage under the policy.

16. By letter dated April 14, 2008, Builders Mutual acknowledged Designs' tender of the Underlying Litigation and agreed to provide Designs with a defense pursuant to a full reservation of its rights under the policy.

### Declaratory Judgment

17. There exists a genuine bona fide dispute and an actual and justiciable controversy between Builders Mutual and Designs concerning whether the policy provides coverage for the damages claimed in the Underlying Litigation.

18. All or some of the damages claimed in the Underlying Litigation are not caused by an "occurrence" as that term is defined in the policy and are therefore not covered and Builders Mutual has no obligation pursuant to the policy to indemnify Designs for said damages.

19. All or some of the damages claimed in the Underlying Litigation are not "property damage" as that term is defined in the policy and are therefore not covered and Builders Mutual has no obligation pursuant to the policy to indemnify Designs for said damages.

20. All or some of the damages claimed in the Underlying Litigation are to or arise out of Designs' "work" and are included in the "products-completed operations hazard" and are therefore not covered.

21. The policy does not provide insurance for "property damage" expected or intended from the standpoint of the insured.

22. Even if part of the damages claimed in the Underlying Litigation are caused by an "occurrence" and are "property damage," all or some of such damages were expected or intended from the standpoint of the insured and are therefore not covered.

23. The policy does not provide insurance for "property damage" to that particular part of real property on which Designs or any subcontractor working on Designs behalf was performing operations, if the "property damage" arose out of those operations.

24. Even if part of the damages claimed in the Underlying Litigation are caused by an "occurrence" and are "property damage," all or some of such damages arose out of operations performed by Designs or its subcontractors on real property on which Designs or its subcontractors worked and are therefore not covered.

6

25. Builders Mutual is entitled to a declaration that the faulty workmanship and improper construction claimed in the Underlying Litigation is not an "occurrence" under the policy.

26. Builders Mutual is entitled to a declaration that all or some of the damages claimed in the Underlying Litigation were not caused by an "occurrence" as that term is defined in the policy.

27. Builders Mutual is entitled to a declaration that the faulty workmanship and improper construction claimed in the Underlying Litigation does not constitute "property damage" under the policy.

28. Builders Mutual is entitled to a declaration that all or some of the damages claimed in the Underlying Litigation are not "property damage" as that term is defined in the policy.

29. Builders Mutual is entitled to a declaration that even if the faulty workmanship and improper construction claimed in the Underlying Litigation constitutes an "occurrence" and "property damage", such damage is excluded from coverage because it was damage to "your work" arising out of it or any part of it and included in the "products-completed operations hazard", as those terms are defined in the policy.

30. Builders Mutual is entitled to a declaration that even if the faulty workmanship and improper construction claimed in the Underlying Litigation constitutes an "occurrence" and "property damage", such damage is excluded from coverage since it was "property damage" to that particular part of real property on which Designs or its contractors or subcontractors performed operations, and the damage arose from those operations.

WHEREFORE, Builders Mutual respectfully requests this court to declare the following:

7

(a) the faulty workmanship and improper construction claims and damages asserted by the Bartoks in the Underlying Litigation do not constitute an "occurrence" as defined in the policy and under applicable law;

(b) that the faulty workmanship and improper construction claims and damages asserted by the Bartoks in the Underlying Litigation do not constitute "property damage" as defined by the policy and the applicable law;

(c) that the faulty workmanship and improper construction claims and damages asserted by the Bartoks in the Underlying Litigation are excluded from coverage by one or more the exclusions set forth in Section I.2. of the policy;

(d) that the policy issued by Builders Mutual provides no liability insurance coverage and does not require Builders Mutual to indemnify Designs for the damages claimed in the Underlying Litigation for faulty workmanship and improper construction;

(e) grant Builders Mutual such other and further relief as is just and proper; and

(f) award Builders Mutual its costs incurred.

BUILDERS MUTUAL INSURANCE COMPANY

By _____
Of Counsel

John Franklin, III, Esquire
Virginia State Bar No. 13267
Brian N. Casey, Esquire
Virginia State Bar No. 26710
TAYLOR WALKER, P.C.
555 E. Main Street, Suite 1300
Norfolk, Virginia 23510
(757) 625-7300
(757) 625-1504 (fax)
jfranklin@taylorwalkerlaw.com
bcasey@taylorwalkerlaw.com